52

MILLER, etc., Plaintiff, v. CLEVELAND (City) et, Defendants.
GUDDY, Plaintiff, v. CELEBREZZE et, Defendants.

Common Pleas Court, Cuyahoga County.

Nos. 682312, 698109 & 698110. Decided August 12, 1957.

Calfee, Fogg, McChord & Halter, Metzenbaum & Schwartz, Cleveland, Charles R. Miller, of Counsel, for plaintiff.

Ralph S. Locher, Director of Law, William T. McKnight, Asst. Director of Law, Cleveland, for defendants.

## OPINION

By LYBARGER, J.:

The issues before the court arose in the three cases noted in the above caption. On motion causes Nos. 698,109 and 698,110 were consolidated, and by agreement the three cases were tried at the same time.

Cause No. 682,312 went to trial on plaintiff's amended petition, and specifically on the first, second and fifth causes of action thereof. In the first cause plaintiff seeks to have declared null and void an ordinance adopted by the Council of the City of Cleveland on March 12, 1956, No. 380-56, entitled "An emergency ordinance to appropriate property . . . . to be used partly for the airport freeway and partly for an incinerator site." Plaintiff alleges that although the ordinance purports to be an emergency measure it does not set forth and define the emergency as is required by the Charter of the city. In his fifth cause of action plaintiff attacks the ordinance on the ground that, in violation of the Charter, it pertains to more than one subject.

Plaintiffs' second cause asks to have declared null and void Ordinance No. 751-56, adopted by the Council on March 19, 1956 as an emergency ordinance to employ engineering services required for the construction of an incinerator. Plaintiff relies on the ground that the emergency was not set forth and defined as required by the Charter.

Causes of action Nos. 698,109 and 698,110, which were consolidated, pray the court to declare null and void Ordinance No. 1208-57, an emergency measure to issue bonds for the construction of an incinerator, which measure was adopted by the Council on May 20, 1957. Plaintiffs contend that the emergency was not set forth and defined as required by the Charter.

The facts are not in dispute: they have been stipulated by the parties; and the ordinances in question and the manner of their adoption are as stated in the pleadings and as summarized above.

In cause No. 682,312 the court must decide whether or not ordinance No. 380-56 is null and void because (a) it was not legally adopted as an emergency measure, and (b) it is not confined to one subject. In the consolidated cases the issue is whether or not the respective ordinances were legally adopted as emergency measure in keeping with the Charter.

At the outset it should be made clear that the court is not called on to interpret or apply the provision of Title V11 of the Revised Code, Municipal Corporations, or specifically Sec. 731.30 thereof. The matter is governed by the Charter of the city of Cleveland. **State, ex rel. Bindas, v. Andrish, 165 Oh St 441.**

Light is thrown on the question of what is an ordinance by Sec. 39 of Rules of Council:

"**Form of Ordinances.**

"The enacting clause of all ordinances shall be: 'Be it enacted by the Council of the City of Cleveland' . . . ."

Section 33 of the Charter is in part as follows:

"All ordinances or resolutions, except ordinances making appropriations, shall be confined to one subject which shall be clearly expressed in the title . . . ."

At all times here in question there was in effect Section 36 of the city's charter:

"All ordinances and resolutions shall be in effect from and after forty (40) days from the date of their passage by the council except as otherwise provided in this charter. The council may by a two-thirds vote of the members elected thereto, pass emergency measures to take effect at the time indicated therein. An emergency measure is an ordinance or resolution for the immediate preservation of the public peace, property, health, or safety, or providing for the usual daily operation of a municipal department, in which the emergency is set forth and defined in the preamble thereto . . . ."

The Charter provides for the right of the electors to the initiative and referendum. Section 59 reads:

"No ordinance passed by the council, unless it be an emergency measure, shall go into effect until forty (40) days after its final passage by the council. If at any time, within said forty (40) days a petition signed by electors equal in number to ten per cent (10%) of the total vote cast at the last preceding regular municipal election of the city be filed with the clerk of the council requesting that any such ordinance, or any specified part thereof, be repealed or submitted to a vote of the electors, it shall not become operative until the steps indicated herein have been taken. . ."

Another section is as follows:

"Ordinances passed as emergency measures shall be subject to referendum in like manner as other ordinances, except that they shall go into effect at the time indicated in such ordinances. If, when submitted to a vote of the electors, an emergency measure be not approved by a majority of those voting thereon, it shall be considered repealed as regards any further action thereunder; but such measure so repealed shall be deemed sufficient authority for payment, in accordance with the ordinance, of any expense incurred previous to the referendum vote thereon."

The first point of law with which the court is concerned is whether the plaintiffs have the right by these actions to challenge the legality of the ordinances in question. The city contends that since plaintiffs did not use the right of initiative or seek a referendum on any of the ordinances, as they could have done under the Charter, they are precluded from relief by way of an action in equity. The City cites as authority, **Youngstown v. Aiello, 156 Oh St 32, syllabus 4,** of which reads:

"Where a purported emergency ordinance enacted by the council

of a municipality does not comply with the mandatory provisions of §4227-3 GC, and therefore does not go into immediate effect and no proceeding to institute a referendum or other challenge is made until after the expiration of the time limited for such attack, such ordinance takes effect in the same manner as other regular ordinances. (**Vansuch, Dir., v. State, ex rel. Fetch, 112 Oh St 688**, approved and followed.)

The facts of that case clearly distinguish it from the instant ones. There the court was interpreting a statute whose language is different from the charter provisions here applicable. There no challenge of any sort was made until after the period within which the ordinance took effect in the same way as other ordinances. Here suits were filed within the forty days mentioned in Sections 36 and 59 of the Charter. By using the words "or other challenge" the Supreme Court implied that a referendum was not the only means of challenging the validity of an ordinance designated as an emergency measure. The court said nothing which ruled out the bringing of a suit as a proper way to obtain relief against what is alleged to be an invalid ordinance.

In **Vansuch v. State, ex rel., 112 Oh St 688**, the Supreme Court in an action on a purported emergency ordinance said in part (page 689):

"The record does not disclose any challenge . . . until the bringing of this suit . . . ." (an action in mandamus).

Here again the court recognized the bringing of a suit as a challenge to the ordinance, even though it held that the action was not in that case timely.

The instant suits were commenced within the forty days following adoption of the respective ordinances. They were timely and constituted a challenge of the emergency ordinances. The court therefore has the duty of passing on the validity and effect of the questioned enactments.

Next the court must determine whether there is anything inherently illegal in the ordinances themselves irrespective of the manner of their passage. Originally the plaintiffs contended that there were legal objections to the purposes sought to be served by the ordinances. Causes of action reciting such claims however were dismissed at the time of trial. There remains the question whether Ord. 380-56 is "confined to one subject" as required by Sec. 33 of the Charter.

The ordinance is entitled: "An emergency ordinance to appropriate property located between Ridge Rd. and West 58th Street, south of Denison Avenue to be used partly for the airport freeway and partly for an incinerator site (Louis Viny parcels). "What is the subject of the ordinance? The appropriation of private property; the acquisition of all the land of Louis Viny in the given area for public use. The court holds that the ordinance is confined to one subject, the appropriation of Louis Viny's property. The uses to which the city proposes to put the parcel of land in question, although more than one, do not alter the singleness of the subject of the ordinance.

It should be observed that a provision such as that in Sec. 33 is not mandatory but directory in character. This was the holding of the Court of Appeals in a well reasoned decision in **City of Toledo v. Kohlhofer, 96 Oh Ap 355. Syllabus 6** reads:

"The provision of the Charter of the City of Toledo that an ordinance shall not contain more than one subject which shall be clearly stated in the title thereof is directory in character."

The court holds therefore that the enactment of Ord. 380-56 did not violate Sec. 33 of the Charter as contended in the fifth cause of action in case No. 682312.

The only remaining ground for plaintiffs' challenging of the three ordinances is that each fails to define in a preamble the emergency with which it purports to be concerned and all are therefore in violation of Sec. 36 of the Charter.

Sec. 36 of the Charter demands close scrutiny. First it says that all ordinances shall be in effect forty days from the date of their adoption, with certain exceptions not here applicable. Then it allows council by a two-thirds vote of its members "to pass emergency measures to take effect at the time indicated therein." Next it defines an emergency measure and says that it is "an ordinance or resolution for the immediate preservation of the public peace, property, health, or safety, or providing for the usual daily operation of a municipal department, **in which the emergency is set forth and defined in a preamble thereto.**"

The language of Sec. 36 is quite different from that of §731.30 R. C., which is the statute applicable to emergency ordinances in municipal corporations that have not adopted a charter. Therefore cases interpreting the statute must be reviewed with caution when their principles are sought to be applied in passing on the above charter provision. The statute does not specifically define emergency measures; the charter does. The statute makes it mandatory to set forth in one section of **the ordinance** itself the reasons for the necessity; the charter, after telling what an emergency measure deals with, adds to the description the words: "in which **the emergency is set forth and defined in a preamble thereto.**"

The term "set forth" means "to present to view; to display; to publish; to give an account . . . . . by describing . . . . ."—**Webster's New International Dictionary.** The verb "define" means "to state explicitly . . .to make clear." **Black's Law Dictionary.**

In the case of State, ex rel. v. East Cleveland (1919) 31 O. D. 98, this court had before it the need of interpreting language in the charter of the City of East Cleveland practically the same as that in Sec. 36 of Cleveland's present charter. There the emergency had to be "set forth and defined in the preamble" of an emergency ordinance. In the ordinance there challenged Council did what was done in the instant case; passed a measure which in the preamble adopted the language of the ordinance. Judge Foran on page 103 of the opinion said:

"The most that can be said of this preamble is that it adopts the language of Sec. 14 of the charter, and does not set forth or define the emergency."

In the present case the court holds that the ordinances here challenged did not contain preambles in which the respective emergencies in each were "set forth and defined" as required by the charter in order to characterize the measures as emergency legislation.

The last point of law with which the court must deal bears on the question of what was the effect of the failure of the purported emergency ordinances to include in their preambles language which set forth and defined the emergencies they sought to meet. Did failure to comply with Section 36 of the charter vitiate the legislation completely? Or did it knock out the emergency character of the measures but still permit them to go into effect forty days after enactment as in the case of non-emergency ordinances?

As has been indicated above, this court in the case of State, ex rel. v. East Cleveland, 31 O. D. 98, was passing upon charter provisions parallel to those now before the court. Judge Foran held that the ordinance there challenged did not set forth and define the emergency as required. On pages 104-5 the court said:

"The purpose of an emergency ordinance, under the charter of the city of East Cleveland, was clearly to avoid recourse to a referendum, and for the purpose of having the ordinance take effect upon and after its passage, and for that reason, Sec. 14 provides that the emergency must be set forth and defined in the preamble of the ordinance; but, after all, is this not merely directory? Can it be said to be a mandatory provision?

"It might be tested in this way: When this ordinance was passed, admitting that it failed to set forth and define the necessity for the emergency, yet, would such omission have prevented the citizens of East Cleveland from filing the petition for referendum provided for by Sec. 44 of the charter? We think not. If such petition had been filed in accordance with the provisions of Sec. 44, with the clerk of the city commission, as provided for in Sec. 45 of the charter, and the clerk had refused to receive it, or the commission had refused to act upon it, mandamus would undoubtedly lie, and a referendum could be had, as the court would undoubtedly say that, because of the omission to set forth and define the necessity for the emergency, the ordinance did not take effect, from and after its passage, and was subject to referendum. No referendum, however, was taken, no petition for referendum was filed and more than thirty days having elapsed before the relator filed his petition, it must be held that the ordinance is in effect, in so far as it is constitutional and valid.

"An emergency act cannot be passed by the legislature of the state of Ohio, unless it receives a two-thirds majority of both houses; and under the charter of the city of East Cleveland, four of the five commissioners must agree to an emergency ordinance, before it can be passed as such; yet, in **Miami Co. (Comrs.) v. Dayton, 92 Oh St 216,** the court say, in part 10 of the syllabi:

" 'An act of the general assembly, purporting to be an emergency act but which failed to receive the two-thirds majority in one branch of the general assembly, as required by the constitution for an emergency act, becomes at the end of the ninety-day referendum period a valid act of the general assembly if otherwise constitutional.'

"So that, on this authority, it must be held that, the thirty-day referendum period provided for by the charter of East Cleveland for

the taking effect of ordinances, having elapsed, before the relator filed his petition, and no referendum petition having been filed, the ordinance is a valid ordinance, unless it is unconstitutional because of some other reason than that there was not a compliance with section 14 of the charter."

In Youngstown v. Aiello, supra, the court held that a purported emergency ordinance which failed to comply with the mandatory provisions of the statute, did not go into immediate effect but took effect "in the same manner as other regular ordinances." The same conclusion was reached in State, ex rel. Johns v. Bruss, 99 Oh Ap 314.

It must be noted, however, that in all of the last three cases cited the ordinances were not challenged by suit until after the time for a referendum had lapsed. The courts therefore held that "an ordinance cannot be attacked for irregularities or defects in an emergency clause when the petition asking for relief is filed after the period for filing a petition for referendum has elapsed and no petition for referendum is filed." (Syllabus 2 in State, ex rel. v. East Cleveland, supra.)

In the instant case, as has been indicated, plaintiffs made a timely challenge of the ordinances. What did they challenge? The emergency clause in the preambles. There are three parts to what is commonly called an ordinance: the title, the preamble and the ordinance itself, which is the part of the measure following the words "Be it ordained by the Council of the City of Cleveland." The charter provides that the **preamble** shall contain a definition of the emergency. (**Sec. 731.30 R. C.**, which is not here applicable but was involved in Youngstown v. Aiello, says that in an emergency measure the reasons for the necessity "shall be set forth in one section of the **ordinance.**")

Granted the preambles of the ordinances here involved are faulty, still there is nothing contra to the charter or otherwise illegal in the ordinances themselves. The fact that the emergency feature of the ordinances failed does not make the ordinances illegal. Their legality depends not on what was said or not said in the preambles, but what is contained in the body of the measures themselves. Having lost the status of emergency measures they did not go into effect immediately but "from and after forty days from the date of their passage by the council." (Charter, Sec. 36.) No other conclusion can be reached from any of the reported cases that have dealt with the problem. No case has said that an ordinance was invalid merely because it failed for some reason to have attached to it an emergency clause that satisfied either the statute or a charter provision. The court is convinced that the decision in Youngstown v. Aiello (and the other decisions cited) would have been the same even if the suit had been filed within the time limited for attaching the ordinance. Had the ordinance been illegal because of failure of the emergency feature, the court would have said so, and not have let stand an invalid measure just because it was not questioned within the time limit.

For these reasons the court holds that although the attempt to adopt the ordinances as emergency measures failed, still they are valid and they became effective in the same manner as other regular ordi-

nances. Plaintiffs are not entitled to the relief prayed for, and judgment in each case is rendered for the defendant city and all others who have been joined as parties defendant.